107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Calvin L. JONES, Petitioner-Appellant,
v.
Ana M. OLIVAREZ; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-16147.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 7, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Calvin L. Jones, a California prisoner, appeals pro se the district court's dismissal of his second 28 U.S.C. § 2254 habeas petition. Jones contends the district court erred when it dismissed his petition as an abuse of the writ. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review for abuse of discretion, Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), and we affirm.
 
 
 3
 A petitioner abuses the writ of habeas corpus if he raises a new claim in a subsequent habeas petition that he could have raised in his first habeas petition. See McCleskey v. Zant, 499 U.S. 467, 489 (1991). The State bears the initial burden of pleading abuse of the writ. Id. at 494. The burden then shifts to the petitioner to show cause for failing to raise the claim earlier and prejudice resulting from the errors of which he complains. Id. If the petitioner cannot show cause, he may obtain review of his constitutional claims only if he falls within "the narrow class of cases ... implicating a fundamental miscarriage of justice." Schlup v. Delo, 115 S.Ct. 851, 861 (1995) (citing McCleskey, 499 U.S. at 494).
 
 
 4
 In his current petition Jones contends that he has newly-discovered impeachment evidence concerning key prosecution witnesses. Most of the material submitted by Jones consists of investigative reports that were available to Jones well before he filed his first habeas petition. Jones has not shown cause for his failure to present this information in his prior habeas petition. See McCleskey, 499 U.S. at 493-94. The remaining material consists of: (1) 1994 report in which the alleged hired killer attacks the veracity of various prosecution witnesses and (2) a 1994 declaration in which a man named Ben Nealy declares that a prosecution witness was a prior business associate of his and told him the police asked him to fabricate a story regarding Jones. This newly discovered "evidence" is insufficient to establish the requisite prejudice. See Clark v. Lewis, 1 F.3d 814, 824 (9th Cir.1993).
 
 
 5
 Jones claims he is innocent and is therefore entitled to a determination of his claim. However, Jones has failed to demonstrate any constitutional error or make a colorable showing of factual innocence. See Schlup v. Delo, 115 S.Ct. 851, 867 (1995); McCleskey, 499 U.S. at 495. Accordingly, the district court did not abuse its discretion by dismissing Jones' petition as an abuse of the writ. Id. at 503.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Jones' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3